EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant, v. JOE ARENDS et al.; J. W. ARBUCKLE, Executor, Appellees (and one other case).

No. 45634.

No. 45635.

JUNE 17, 1941.

Pike, Sias & Butler and John E. Behnke, for appellees.

Barnes, Chamberlain, Hanzlik & Wadsworth, for appellant.

MITCHELL, J.—Joe Arends was the owner of a quarter section of Grundy county land. In 1925 he mortgaged 120 acres of this quarter section to the Equitable Life Assurance Society for $12,000, this being referred to as the first mortgage. On January 2, 1931, Joe Arends mortgaged the entire quarter section to the Equitable Life Assurance Society of the U. S. for $3,200. This mortgage was a second mortgage on the 120 acres, being subject to the $12,000 mortgage but was a first mortgage on the 40 acres not covered by the first mortgage, this mortgage will be referred to as the second mortgage.

On January 20, 1931, Joe Arends mortgaged the entire quarter section to Ottilla Bienfang for $4,500. This mortgage was subject to the $12,000 mortgage covering the 120 acres and the $3,200 mortgage covering the 160 acres. This mortgage will be referred to as the third mortgage.

On April 5, 1934, the Equitable Life Assurance Society filed its petition in which it prayed for foreclosure of the $12,000 mortgage, referred to as the first mortgage. This mortgage contained no provision for the appointment of a receiver in the event of foreclosure. On April 6, 1934, the Equitable Life Assurance Society commenced foreclosure of the $3,200 mortgage referred to as the second mortgage. This mortgage contained the usual

provision for the appointment of a receiver and pledged the rents and profits of the land.

On April 27, 1934, Joe Arends filed a motion in which he asked that the foreclosure actions be continued under the moratorium act. The orders of continuance and the appointment of conservator were filed in cause No. 6406, which is what is known as the second mortgage foreclosure. Ottilla Bienfang assigned her mortgage referred to as the third mortgage to R. J. Bienfang and on June 19, 1939, he commenced foreclosure of said mortgage. This mortgage provided for the appointment of a receiver and pledged the rents.

On motion the cases were consolidated for the purposes of trial.

On December 22, 1939, the Equitable Life Assurance Society filed a dismissal of its application for the appointment of a receiver without prejudice to renew same at a later date.

On March 8, 1940, the Equitable Life Assurance Society filed a petition of intervention in the Bienfang v. Arends foreclosure referred to as the third mortgage, and being cause No. 7115. In this petition of intervention, it prayed that if a receiver is appointed, he be instructed to disburse the funds collected in payment of taxes, insurance and balance to the Equitable Life Assurance Society.

On November 20, 1940, this matter came on for hearing. The lower court held that the net income after the payment of taxes, insurance and upkeep, totaling $3,670.52 should be applied in the following manner: $3,221.69 on the second mortgage and $448.83 on the first mortgage. The decree provided for foreclosure of the mortgages.

The Equitable Life Assurance Society has appealed and will be referred to as the appellant. Joe Arends has filed a cross appeal and will be referred to as the appellee. We will consider first the appeal of the appellant. The only question involved here is the manner in which the income from this farm collected by the conservator will be applied. It is the contention of the appellant that it should be equally divided, and half applied on the first mortgage and the other half on the second mortgage. This claim is made not under the mortgages involved in this case, but under the moratorium act. It is true that the

right to a continuance under the act was an extraordinary right granted by statute because of a declared existing emergency. That the rentals were to be given to the mortgagee to the extent that the same would reasonably compensate it for the property involved.

In the case at bar, however, the order of continuance was made in what is referred to as the foreclosure of the second mortgage No. 6406. It is true that there was a blank space left on the order where another number might have been inserted, and it is the contention of the appellant that the order should also apply in the first mortgage foreclosure. However, no order of continuance was entered in the first mortgage foreclosure, and the lower court was right in ordering that the balance in the hands of the conservator should be applied on the second mortgage.

Now as to the cross appeal of the appellee. It involved two propositions. First, that the court erred in applying $448.83 out of the income upon appellant's first mortgage. While the record is not clear, it appears that this amount was paid directly to the appellant, prior to the entry of the first order of continuance. It was a voluntary payment made to the insurance company and they had a right to apply it on the first mortgage.

The second proposition raised on the cross appeal is, that the balance of the money in the hands of the conservator should be applied on the third mortgage of the appellee; that the appellant had dismissed its application for the appointment of a receiver under its mortgage and had no claim to the money.

It is true that appellant dismissed its application for an appointment of a receiver but its claim is under the moratorium act. As this court has said that in order to get a continuance under the moratorium act the mortgagor was required to pay rent during the continuance, and that is what the order in the case at bar provided, and the lower court was right in ordering that the balance on hand after payment of certain items should be applied on the second mortgage.—Affirmed on both appeals.

CHIEF JUSTICE and all JUSTICES concur.